IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODNEY KEVIN ALVA, § | | |
| TDCJ-ID #410417, § | | |
| Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-03-3287 |
| § | | |
| DOUGLAS DRETKE, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| Respondent. § | | |

## ORDER

On January 31, 2004, this Court granted the respondent's motion for summary judgment and dismissed the federal habeas corpus petition filed by state inmate Rodney Kevin Alva. Alva did not file an appeal. Alva, who reports that he is now in custody in the State of Indiana at the Tipton County Jail, has filed a letter motion requesting civil rights forms and a free copy of his entire record. (Doc. #17). The Court will grant Alva's request for forms, but his request for a copy of the record is denied for reasons set forth briefly below.

An indigent inmate has no automatic right to copies of court records free of charge. *See Kunkle v. Dretke*, 352 F.3d 980, 985-86 (5th Cir. 2003), *cert. denied*, 543 U.S. 835 (2004). In *Griffin v. Illinois*, 351 U.S. 12, 19-20 (1956), the Supreme Court held that the Due Process and Equal Protection clauses of the Fourteenth Amendment require that states provide indigent defendants with a trial transcript free of charge when it is necessary for meaningful appellate review. There is no obligation, however, "to automatically supply a

complete verbatim transcript." *Moore v. Wainwright*, 633 F.2d 406, 408 (5th Cir. 1980) *Jackson v. Estelle*, 672 F.2d 505, 506 (5th Cir. 1982) ("[N]or is the state required to furnish complete transcripts so that the defendants . . . may conduct 'fishing expeditions' to seek out possible errors at trial.").

Alva does not articulate any facts showing that he is entitled to a copy of the record free of charge. Accordingly, it is **ORDERED** that Alva's motion for free copies (Doc. #17) is **DENIED**.

Alva's request for two forms for use in a civil rights action under 42 U.S.C. § 1983, is **GRANTED**. The Clerk will forward two forms to Alva, but he is advised to check with the prison library at his current facility for any additional forms.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas on **July 17, 2006.**

_____
Nancy F. Atlas
United States District Judge